IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFF CORY SMITH, #1249789 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-2103-P |
| | § | |
| RICK THALER, Director, | § | |
| Respondent. | § | |

SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on January 4, 2010, this case has been re-referred to the United States Magistrate Judge to consider Petitioner's objections filed on December 28, 2009. The supplemental findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On December 4, 2010, the undersigned recommended that the petition for a writ of habeas corpus be dismissed for lack of jurisdiction because Petitioner could not satisfy the "in custody" requirement, having fully served his two-year sentence for attempted tampering with the evidence imposed on July 21, 2004, in No. F03-27368. *See* 28 U.S.C. § 2254(a) (A federal court may consider a writ of habeas corpus only "in behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States."). In his objections, Petitioner fails to present any credible argument that he is still serving the two-year state jail sentence. He concedes that his sentence was to be served concurrent with his other two sentences. *See* Objections at p. 2 n. 1. Moreover, it is undisputed that over five years have elapsed since his two-year sentence was first imposed, thus raising a presumption that it was fully served long

ago.  In addition, the records of the Texas Department of Criminal Justice (available through the internet) confirm that Petitioner is not presently in custody on his two-year state jail sentence.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED for lack of jurisdiction, and that the motion for an evidentiary hearing (Doc. #1) be DENIED as moot.  *See* Rule 4, of the Rules Governing Section 2254 Proceedings.

It is further recommended that Petitioner's motion for an enlargement of time to object, and his mother's motion for leave to file on behalf of Petitioner (Doc. #6 and #7) be GRANTED.

Signed this 5th day of January, 2010.

*[signature]*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.